UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON LEE SCROGGIN,

    Plaintiff,

v.                                CAUSE NO. 3:20-CV-441 DRL-MGG

DANIEL DIAZ,

    Defendant.

## OPINION AND ORDER

Brandon Lee Scroggin, a prisoner without a lawyer, is proceeding in this case "against Sgt. Daniel Diaz in his individual capacity for compensatory and punitive damages for labeling the plaintiff a snitch in front of other inmates on 8-Dorm in April 2019 thereby causing gang members to attack him (a) several times between April and September in 8-Dorm, (b) in December 2019 in O-1 Dorm, (c) on January 6 or 7, 2020, in O-1 Dorm, and (d) and on February 3, 2020, as he was leaving the chow hall in violation of the Eighth Amendment[.]" ECF 35 at 6. Sgt. Diaz filed a motion for summary judgment, arguing Mr. Scroggin did not exhaust his administrative remedies before filing suit. ECF 45. Mr. Scroggin filed a response, and Sgt. Diaz filed a reply. ECF 51, 52. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit[.]" *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002).

Inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

In his summary judgment motion, Sgt. Diaz argues Mr. Scroggin did not exhaust his administrative remedies because he never submitted any grievances regarding his claim against Sgt. Diaz. ECF 46 at 7-8. Sgt. Diaz submits an affidavit from the prison's Grievance Specialist, who attests Mr. Scroggin did not submit any formal grievances alleging Sgt. Diaz told other offenders he was a snitch in April 2019. ECF 45-1 at 6. Sgt. Diaz also submits a copy of Mr. Scroggin's grievance history, which shows the grievance office did not register any grievances from Mr. Scroggin after February 2019. ECF 45-3.

Mr. Scroggin responds he attempted to exhaust his administrative remedies by submitting numerous grievances to the grievance office, which the grievance office either rejected or did not file. ECF 51 at 4, 14-15. Specifically, Mr. Scroggin provides this court with copies of four formal grievances he claims to have submitted to the grievance office. ECF 51-1 at 4-6, 11. First, Mr. Scroggin provides copies of three formal grievances dated April 6, 2020, in which he complained the prison had failed to investigate his protective

3

custody requests adequately. *Id*. at 4-6. In each of these three grievances, Mr. Scroggin asserted he had been raped and assaulted by other inmates due to the prison's failure to grant his protective custody requests and requested as relief that his protective custody requests be properly investigated and he be immediately transferred to a new prison facility. *Id.* Second, Mr. Scroggin provides a copy of a formal grievance dated July 6, 2020, in which he complained the grievance office had improperly rejected his prior grievances. *Id.* at 11. Mr. Scroggin also provides various "Request for Interview" forms he claims to have submitted to prison officials, but request for interview forms are not substitutes for formal grievances. Mr. Scroggin does not provide any information or evidence about any other formal grievance he claims to have submitted to the grievance office.

Sgt. Diaz responds that the grievances provided by Mr. Scroggin demonstrate that he "failed to complete any step of the grievance process as to his allegations against" Sgt. Diaz. ECF 52 at 3, 5-6. To the extent Sgt. Diaz argues Mr. Scroggin failed to exhaust because he did not include Sgt. Diaz's name in his grievances, the grievance process does not require a prisoner to name a defendant specifically. *See* ECF 45-2 at 9. However, in order to exhaust his claim against Sgt. Diaz, it is necessary that Mr. Scroggin's grievances address and describe Sgt. Diaz's conduct. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (holding that exhaustion is designed to provide the prison with notice of the problem and give them an opportunity to fix it).

Here, Mr. Scroggin is proceeding against Sgt. Diaz on a claim that Sgt. Diaz exposed him to danger by labeling him a snitch in front of other inmates in April 2019, which caused Mr. Scroggin to be attacked by other inmates. ECF 35 at 1-2, 6. The four

formal grievances Mr. Scroggin attaches to his response to the summary judgment motion were submitted a year after Sgt. Diaz's alleged conduct and do not assert any correctional officer labeled Mr. Scroggin a snitch or in any way instigated the attacks against him. Specifically, Mr. Scroggin's three April 2020 grievances complain only that the prison failed to investigate his protective custody requests and protect him from threats, and do not indicate any correctional officer instigated the attacks against Mr. Scroggin. Similarly, Mr. Scroggin's July 2020 grievance complains only of the Grievance Specialist's conduct of rejecting his grievances and does not address any of Sgt. Diaz's alleged conduct.[1] Because none of these four grievances put the prison on notice that any member of the correctional staff labeled Mr. Scroggin a snitch or instigated any attacks against him, Mr. Scroggin cannot rely on these grievances to show he exhausted his claim against Sgt. Diaz. *See Maddox*, 655 F.3d at 722. Thus, because Mr. Scroggin has not provided evidence that he submitted any formal grievance putting the prison on notice of Sgt. Diaz's alleged conduct, the undisputed facts show Mr. Scroggin did not exhaust his claim against Sgt. Diaz prior to filing this lawsuit.

For these reasons, the court:

(1) GRANTS Sgt. Diaz's summary judgment motion (ECF 45); and

(2) DIRECTS the clerk to enter judgment and to close this case.

SO ORDERED.

October 20, 2021    *s/ Damon R. Leichty*
                    Judge, United States District Court

---

[1] Moreover, Mr. Scroggin submitted his July 2020 grievance after he filed this lawsuit in June 2020.